UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

HARI BHATTARAI,

    Petitioner,

v.                                                                    No. 6:26-CV-128-H

PHILLIP VALDEZ, et al.,

    Respondents.

## ORDER

Before the Court is Hari Bhattarai's emergency motion for a preliminary injunction or temporary restraining order. Dkt. No. 9. Because the motion improperly requests the ultimate relief sought in his pending habeas petition (Dkt. No. 1), the motion is denied.

### 1.    Legal Standard

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the

exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

## 2.    Analysis

"The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022). Likewise, the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Thus, the Court cannot give Bhattarai "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Bhattarai's motion appears to request the same relief sought in his habeas petition. *See* Dkt. No. 9 at 10. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests that the Court order his immediate release in his motion. Dkt. No. 9 at 10; *see also*

*id.* at 8 (stating that "the only remedy adequate at this stage is to order immediate release"). But the ultimate relief he seeks in his petition is also release from custody. Dkt. No. 1 at 21.

Bhattarai argues, without a supporting citation, that this fundamental defect is not "a valid basis for denial of the TRO" because the respondents "can easily return [him] to custody" if he loses on the merits of his petition. Dkt. No. 9 at 8. But the requirements for a TRO contain no such exception. "[A] temporary restraining order is not an appropriate vehicle for granting . . . ultimate relief." *Fuenmayor v. Stephens*, No. 3:26-CV-1233, 2026 WL 1051765, at *1 (N.D. Tex. Apr. 17, 2026). Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion is denied. Bhattarai's petition remains pending. Dkt. No. 1.

So ordered on April 27, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 3 –