UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

HARI BHATTARAI,

    Petitioner,

v.

                                  No. 6:26-CV-128-H

PHILIP VALDEZ, et al.,

    Respondents.

## ORDER

Before the Court is the petitioner's Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(a)(i). Dkt. No. 14. Because the respondents have filed an answer, the Court construes the notice as a motion to dismiss without prejudice pursuant to Rule 41(a)(2). For the reasons given below, the motion (Dkt. No. 14) is denied.

In general, the Federal Rules of Civil Procedure apply to habeas actions. *See* Fed. R. Civ. P. 81(a)(4). Rule 41 is no exception. And the Fifth Circuit has explained that "Rule 41(a)(1) essentially permits forum shopping." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.*, 434 F.3d 320, 324 n.15 (5th Cir. 2005) (citation omitted). That is what the petitioner, by his own admission, seeks to do here. *See* Dkt. No. 14 at 2 (stating that the "applicable law ha[s] changed"). Indeed, the only reason given for dismissal in the notice is that the "[p]etitioner has been moved to the Diamondback Correctional Facility" in Watonga, Oklahoma. *Id.*

To the extent the petitioner invokes Rule 41(a)(1)(A)(i), however, he is mistaken. The right for a petitioner to dismiss unilaterally under Rule 41(a)(1)(A)(i) ends when "the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). After that point, voluntary dismissal requires the cooperation of "all

parties who have appeared," or a "court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(2). The respondents filed their answer over one month ago. *See* Dkt. Nos. 11; 12. And they did not sign the notice of dismissal. *See* Dkt. No. 14 at 2 (listing only a signature from petitioner's counsel). Thus, the petitioner's only option for dismissal at this juncture is a court order pursuant to Rule 41(a)(2).

Rule 41(a)(2) is different. Motions pursuant to that rule are not self-executing. Rather, the district court has discretion to grant a Rule 41(a)(2) motion to dismiss. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). And courts have found legal prejudice "when the plaintiff moves to dismiss the case at a late stage of the proceedings after the parties have exerted significant time and effort" or "the plaintiff seeks to avoid an imminent adverse ruling." *Gaines v. United States*, No. 3:15-CR-254, 2020 WL 6293143, at *2 (N.D. Tex. Oct. 6, 2020), *R. & R. adopted*, 2020 WL 6290328 (Oct. 26, 2020).

The same is true in the habeas context. *See Kramer v. Butler*, 845 F.2d 1291, 1294–95 (5th Cir. 1988). In *Kramer*, the petitioner sought to voluntarily dismiss his habeas petition after the government had filed its answer, the petition was ripe for review, and the parties were merely waiting for the magistrate judge to issue his findings and recommendation. *Id.* at 1295. Under those circumstances, the Fifth Circuit found that the district court did not abuse its discretion in denying the motion. *Id.*

So too here. In this case, the petitioner filed his habeas petition (Dkt. No. 1), and the Court issued an order to show cause and set a briefing schedule (Dkt. No. 4). In the

meantime, the petitioner filed a motion for temporary restraining order (Dkt. No. 9), which the Court considered and denied (Dkt. No. 10). The respondents answered (Dkt. Nos. 11; 12), and the petitioner filed a reply brief (Dkt. No. 13). Now, one month after the briefing schedule concluded, the petitioner seeks to voluntarily dismiss this case. The Court does not see how dismissal at this juncture would be anything but a massive waste of governmental resources.

Indeed, the petitioner does not explain why his detention in Oklahoma is relevant to dismissal in the first place. After all, habeas jurisdiction "attache[s] on th[e] initial filing for habeas corpus relief, and it [is] not destroyed by the transfer of [the] petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014). Thus, there is no jurisdictional significance to the petitioner's current location. Perhaps the petitioner believes his odds of success are greater in the Western District of Oklahoma. *See Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175, 2026 WL 165490, at *5 (W.D. Okla. Jan. 21, 2026) (listing cases in the Western District of Oklahoma concluding that illegal aliens are entitled to bond hearings under 8 U.S.C. § 1226(a)). But such considerations do not outweigh the legal prejudice to the respondents here. *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010). Accordingly, the motion to dismiss (Dkt. No. 14) is denied.

So ordered on June 5, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

– 3 –