UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| HARI BHATTARAI,<br><br>Petitioner,<br><br>v.<br><br>PHILLIP VALDEZ, et al.,<br><br>Respondents. | No. 6:26-CV-128-H |

**ORDER**

Hari Bhattarai entered the United States illegally two years ago. Dkt. No. 11 at 2. At that time, ICE detained Bhattarai and issued him a Notice to Appear, charging Bhattarai with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 12 at 22; *see* 8 U.S.C. § 1182(a)(6)(A)(i). In March 2026, ICE placed Bhattarai back into custody for the pendency of his removal proceedings. Dkt. No. 11 at 3. He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* at 4. Before the Court is Bhattarai's habeas petition, which demands his immediate release or a bond hearing based on the text of the INA, the Fifth Amendment, the APA, and the Suspension Clause. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Bhattarai's petition, and it has determined that:

- Where the Court exercises its authority to review a petition, the Suspension Clause is not implicated. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026).

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 752–53 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

- Habeas relief is unwarranted for an alleged Fourth Amendment violation. *Hong v. Mullin*, No. 1:26-CV-037, Dkt. No. 15 at 9–10 (N.D. Tex. Apr. 21, 2026) (rejecting limiting construction on Section 1225); *Nnamdi v. Warden, Eden Det. Ctr.*, No. 6:26-CV-248, Dkt. No. 6 at 4–5 (N.D. Tex. July 16, 2026).

- In *Buenrostro-Mendez*, the Fifth Circuit stated that "*Zadvydas v. Davis* . . . has no direct application to aliens who are detained and being given due process during removal proceedings." 166 F.4th at 508. Indeed, the Supreme Court in *Zadvydas* was concerned with the unique due process issues posed by the post-removal-period detention statute, 8 U.S.C. § 1231(a)(6). This is because the plain text of that statute "sets no limit on the length of time beyond the

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir. 2026), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

> removal period that an alien who falls within one of the [statutory] categories may be detained." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (citation modified). The Supreme Court has expressly distinguished *Zadvydas* in cases concerning "detention during deportation proceedings," which it held to be "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Bhattarai's arguments in the petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. The Court denies the petition. Dkt. No. 1. Counsel's application for admission pro hac vice (Dkt. No. 2) is denied as moot.

Finally, the Court notes that when Bhattarai filed his petition, he was detained in the Eden Detention Center in Concho County, Texas, in this division of the Northern District of Texas. *See* Dkt. No. 1 at 1. However, the ICE Online Detainee Locator System indicates he has since been transferred to the Diamondback Correctional Facility in Blaine County, Oklahoma, which is in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). But this Court retains jurisdiction because "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

So ordered on October 22, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE